IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00039-F-1
No. 7:16-CV-00037-F

| | | |
|---|---|---|
| HECTOR EDGARDO RUIZ-ZUNIGO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Before the court are the following motions:

(1) the Government's Motion to Dismiss [DE-48] Hector Edgardo Ruiz-Zunigo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-39]; and

(2) Ruiz-Zunigo's Request for Evidentiary Hearing [DE-54].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Ruiz-Zunigo's Motion to Vacate is DENIED, and his Request for Evidentiary Hearing is DENIED.

**I. Factual and Procedural Background**

On April, 27, 2005, Ruiz-Zunigo was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, Ruiz-Zunigo was charged with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924. Count Two charged Ruiz-Zunigo with possession of a firearm by an illegal alien and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(5), 924, and 2. In Count Three, Ruiz-Zunigo was charged with possession of a firearm unregistered in the National Firearms Registration and Transfer Record and aiding and abetting, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 and 18 U.S.C. § 2. Count Four charged

Ruiz-Zunigo with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1).

At Ruiz-Zunigo's arraignment, held on September 19, 2005, he pled guilty to Counts Two and Four pursuant to a written plea agreement [DE-16]. The Government agreed to dismiss Counts One and Three at sentencing. *Id.* at 7.

Ruiz-Zunigo's sentencing was held on January 3, 2006. Ruiz-Zunigo was sentenced to fifty-three months on each of Counts Two and Four, to be served concurrently. *See* Judgment [DE-21]. It was ordered that the terms imposed in Counts Two and Four would run consecutive to the state sentence that Ruiz-Zunigo was presently serving. *See id.* at 2. Ruiz-Zunigo did not file a direct appeal.

On March 7, 2016, Ruiz-Zunigo filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-39]. In his § 2255 motion, Ruiz-Zunigo's sole claim is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence was improperly enhanced. Mot. Vacate [DE-39] at 4. On April 18, 2016, the Government filed a Motion to Dismiss [DE-48], arguing that Ruiz-Zunigo failed to state a claim upon which relief can be granted.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th

2

Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Motion to Vacate

**Ruiz-Zunigo's *Johnson* claim fails on the merits.**

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

Ruiz-Zunigo's claim must fail because his offense level was not increased based on the

3

residual clause of the Armed Career Criminal Act ("ACCA") or language similar to the residual clause of the ACCA. Ruiz-Zunigo was given a base offense level of eighteen because the guideline for violations of 18 U.S.C. § 922(g)(5) is located in U.S.S.G. § 2K2.1(a)(5) and provides that if the offense charged involved a firearm described in 26 U.S.C. § 5845(a), the base offense level is eighteen. PSR [DE-36] at 10, ¶ 42. Ruiz-Zunigo's base offense level was increased by two levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three to seven firearms. *Id.* ¶ 43. Then, the offense level was increased by four levels pursuant to U.S.S.G. § 2K2.1(b)(5) because Ruiz-Zunigo used or possessed any firearm in connection with another felony offense. *Id.* ¶ 44. Ruiz-Zunigo's offense level was reduced by three levels for acceptance of responsibility, and his total offense level resulted in twenty-one. *Id.* at 11, ¶¶ 50-51. Ruiz-Zunigo's criminal history category was determined to be IV. *Id.* ¶ 52. With a total offense level of twenty-one and a criminal history category of IV, Ruiz-Zunigo's advisory guideline range was determined to be fifty-seven to seventy-one months. *Id.* at ¶ 55.

As noted, Ruiz-Zunigo's base offense level was increased only pursuant to U.S.S.G. §§ 2K2.1(b)(1)(A) and 2K2.1(b)(5). Neither of these offense level enhancements were based on a crime of violence or any other definition analogous to the ACCA's residual clause. As a result, *Johnson* does not offer Ruiz-Zunigo any relief.

## B. Request for Evidentiary Hearing

Ruiz-Zunigo's second and final motion before the court is a Request for Evidentiary Hearing [DE-54]. In his motion, Ruiz-Zunigo contends that this court should conduct a "prompt hearing." *Id.* at 3.

Rule 8(a) of the Rules Governing Section 2255 Proceedings provides that it is within the

4

discretion of the district court to determine whether an evidentiary hearing is warranted following a review of the record. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

After reviewing the parties' positions, as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary. Accordingly, Ruiz-Zunigo's Request for Evidentiary Hearing [DE-54] is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-48] is ALLOWED, Ruiz-Zunigo's Motion to Vacate [DE-39] is DENIED, and his Request for Evidentiary Hearing [DE-54] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This the 26 day of August, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge

5